**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br> v.<br><br>CHRISTOPHER ALAN BROWN,<br><br>            Defendant. | 1:08-cr-27 |

**TO:**  Alphonso G. Andrews, Esq., AUSA
    Eric S. Chancellor, Esq.

### ORDER

THIS MATTER came before the Court upon Defendant's Motion to Withdraw Guilty Plea (Docket No. 62). The government filed an opposition to said motion. A hearing was held upon said motion on September 17, 2009. The government was represented by Rhonda Williams-Henry, Esq., AUSA. Eric S. Chancellor, Esq., appeared on behalf of Defendant. Defendant also was present.

Motions to withdraw a guilty plea are governed by Fed. R. Crim. P. 11(d). In this matter, where Defendant's plea has been accepted, but Defendant has not yet been sentenced, the rule allows Defendant to withdraw his guilty plea upon a showing of a "fair and just reason for requesting the withdrawal." Fed. R. Civ. 11(d)(2)(B).

In this jurisdiction the court must consider three factors when determining a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) citing *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001).

In support of his motion, Defendant claims that he is legally innocent of Count I because he is accused of bank fraud by issuing a fraudulent check to H. Stern, but no store called H. Stern is located in St. Croix. Defendant asserts his innocence of Count II, aggravated identity theft, on the grounds that the government cannot prove that the fraudulent identification card he used was the identification of another person.

The Court finds that the misidentification of the subject store in the Information does not render Defendant innocent of Count I. Defendant does not claim that the check in question was not counterfeit or that he was otherwise actually innocent of the crime.

With regard to Count II, Defendant's claim of legal innocence is creditable. The charge of aggravated identity theft requires the government to prove the theft of the identification of a specific person. *United States v. Mitchell*, 518 F.3d 230 (4th Cir. 2008). In the matter at bar, the government alleges that Defendant met a man named Jason Brooks, who resides in Texas and whose birthday is 7/30/78, but it has not alleged nor produced

evidence or otherwise demonstrated that the identification used by Defendant either belongs to that particular Jason Brooks or that Defendant's use of that name is connected to that specific Jason Brooks.

As to the second factor, Defendant states that at the time he entered the plea agreement he was suffering from the mental illness bi-polar disorder and was not taking his prescribed medication. Defendant claims that his thinking and reasoning at the time of his plea was clouded by his illness. If, in fact, Defendant's mental condition was impaired at the time of the entry of the plea, that could render the plea not voluntary.

However, upon review of the plea hearing, the Court finds that when questioned about his illness and his mental state, Defendant responded clearly and coherently and stated that he understood the proceedings and the content and substance of the plea agreement. Throughout the hearing, Defendant affirmed that he understood the nature of the plea and his waiver of certain rights, including the right to trial by jury. Moreover, at no point during the hearing did Defendant assert his innocence or raise any questions regarding the elements or proof of the elements of each count against him.

Based upon the foregoing, the Court finds that Defendant has not established a fair and just reason for withdrawing his plea.

Accordingly, it is now hereby **ORDERED** that Defendant's Motion Withdraw Guilty Plea (Docket No. 62) is **DENIED**.

ENTER:

Dated: September 17, 2009  /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE