IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIM. NO.: 1:08-cr-00027 |
| v. ) | |
| ) | |
| CHRISTOPHER ALAN BROWN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM OPINION

Finch, Senior Judge

### I. Introduction

THIS MATTER comes before the Court on Defendant Christopher Brown's Motion for Review and Revocation of Order Denying Defendant's Motion to Withdraw Guilty Plea. Defendant seeks to withdraw his plea under Rule 11 of the Federal Rules of Criminal Procedure on the basis that it was not voluntarily and knowingly made and that he is innocent of the charges to which he pleaded guilty. The government opposes Defendant's motion. This Court held a hearing on this matter on December 2, 2009. As discussed below, Defendant has demonstrated a fair and just reason for withdrawing his plea. Accordingly, this Court GRANTS his Motion to Withdraw Guilty Plea.

### II. Background

Defendant Christopher Brown was arrested on or about April 7, 2008. He was incarcerated at Golden Grove Prison in St. Croix until October 2008, when he was transferred to

MDC Guaynabo. On November 3, 2008, the United States charged Defendant by Information on two counts - Bank Fraud, 18 U.S.C. § 1344 and Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1). On December 18, 2008, at a change of plea hearing held before Magistrate Judge Cannon, Defendant pleaded guilty to both counts.[1] This Court accepted Defendant's guilty plea. Defendant has not yet been sentenced.

On February 24, 2009, Defendant filed a *pro se* motion to withdraw his guilty plea. On July 2, 2009, Defendant sent a letter to the Court indicating that he wished to file a motion to withdraw his guilty plea. The letter stated that he that he is "bipolar manic depressive" and has "not been in a sound, mentally stable mind." The letter further explained that Defendant "has been receiving medication for this for almost ten years now" but that "[i]t was only upon [his] arrival to the M.D.C. in Puerto Rico, that [his] medications were discontinued."[2] On July 8, 2009, Defendant filed another *pro se* motion to withdraw his guilty plea. The Magistrate Judge held an evidentiary hearing on Defendant's motion and issued an Order Denying Defendant's Motion to Withdraw Guilty Plea.

On December 2, 2009, this Court held a *de novo* evidentiary hearing on Defendant's motion to withdraw guilty plea.[3] At the hearing, the Defendant testified that he was diagnosed with bipolar manic depressive disorder ten years ago and was prescribed several psychotropic medications. Defendant must take these medications every day for them to be effective. When

---

[1] Defendant's plea agreement was signed on December 15, 2008.

[2] At the December 2, 2009 hearing, Defendant testified that he did not receive medication consistently until sometime in December 2008 after seeing psychiatrists at Guaynabo MDC.

[3] Section 636(b)(1)(C) of Article 28 of the United States code authorizes a district judge to "receive further evidence" following a report and recommendation of a magistrate judge.

unmedicated, Defendant suffers from mania, depression, irrational decision making, clouded judgment, and distorted reality and his decisions are focused on his immediate satisfaction. Defendant informed the staff at Golden Grove of his condition but was nevertheless given medication on an inconsistent basis. Upon being transferred to Guaynabo MDC, Defendant was treated by mental health professionals and began regularly receiving medication sometime in December 2008. Because the medication takes several weeks to take effect, Defendant claims that he was still suffering from the symptoms of his bipolar disorder – e.g. clouded judgment and irrational decision making – at the time he entered his guilty plea. On cross-examination, Defendant recalled being questioned by the Court at the change of plea hearing, but could not recall the substance of the questions. Defendant asserts that because he was not in a clear state of mind, his guilty plea was not voluntarily and intelligently made.

Defendant also seeks to withdraw his guilty plea on the basis that he is innocent of both charges. First, he argues that he is not guilty of bank fraud because the store that the government charges that he defrauded in St. Croix – H-Stern – is not located in St. Croix. Second, Defendant argues that he is innocent of the aggravated identity theft because he did not steal the identity of a real individual; rather, he claims that he made up a fictitious identity.

The government contends that the record of Defendant's change of plea hearing shows that he was competent and aware of what he was doing. When questioned by the Magistrate Judge about his bipolar disorder, Defendant responded that it did not affect his understanding of the proceedings. Defendant also denied taking any medication, contradicting his current testimony that he had begun regularly taking medication a few days before the hearing. The government also refutes Defendant's claims of innocence.

**III.** **Discussion**

    **a. Standard for Withdrawing a Guilty Plea**

A defendant may withdraw a guilty plea before sentencing based "upon a showing by the defendant of any fair and just reason." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005); Fed. R. Crim. P 11(d). Once a plea is accepted by the court, the defendant bears the burden of showing a fair and just reason for its withdrawal. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001). However, the "withdrawal of a guilty plea is not an absolute right." *Wilson,* 429 F.3d at 458. "Once accepted, a guilty plea may not automatically be withdrawn at the defendant's whim." *Brown*, 250 F.3d at 815. "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Id*. (quoting *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992)).

In determining whether a plea may be withdrawn, the Third Circuit has developed a three factor test: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; (3) whether the government would be prejudiced by the withdrawal. *Brown,* 250 F.3d at 815. A bald assertion of innocence is insufficient to permit withdrawal. *Wilson,* 429 F.3d at 458 ("Assertions of innocence must be buttressed by facts in the record that support the claimed defense."). The decision whether to grant a motion to withdraw a guilty plea is within the discretion of the Court. *United States v. Crowley*, 529 F.2d 1066, 1072 (3d Cir. 1976).

The lack of voluntariness of a guilty plea is a fair and just reason for withdrawal. *United States v. Nahodil*, 36 F.3d 323, 330 (3d Cir. 1994) (citation omitted) ("[A] motion to withdraw

4

should be granted if the plea was not made voluntarily and intelligently."). "Like all waivers of constitutional rights, a guilty plea must be made voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Lessner*, 498 F.3d 185, 192 (3d Cir.2007) (citing *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (internal quotations omitted)); *United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006) (guilty plea must be "knowing and voluntary"); *Smith v. Freeman*, 892 F.2d 331, 338 (3d Cir. 1989) ("It is axiomatic that a mentally incompetent defendant cannot enter an intelligent and voluntary guilty plea."). "[A] defendant's showing that his plea was not voluntary would be 'the most important factor' supporting withdrawal, as a plea that is involuntary, unintelligent, or uninformed is an invalid plea." *United States v. Garcia,* 401 F.3d 1008, 1012 (9th Cir. 2005). If a defendant can "present evidence that his mental state on the day of his plea hearing prevented him from knowingly and voluntarily changing his plea, he would have presented a strong reason for withdrawing that plea." *United States v. Hopson*, 250 Fed.Appx. 502, 505 (3d Cir. 2007) (non-precedential).

The government has the burden of demonstrating that the defendant was competent at the time he pleaded guilty. *United States v. DiGilio*, 538 F.2d 972, 988-89 (3d Cir. 1976); *United States ex rel. Bilyew v. Franzen*, 686 F.2d 1238, 1244 (7th Cir. 1982) ("There is little question that the Fourteenth Amendment requires the state or federal prosecution to shoulder the burden of proving that the defendant is fit to stand trial once the issue of unfitness has been properly raised."); *see also United States v. Hollis*, 569 F.2d 199, 204 (3d Cir. 1977) (holding that the issue of issue of whether defendant was "mentally incompetent at the time he entered his plea of guilty . . . should be reached without placing the burden of proof upon the [defendant].").

### b. Defendant Has Demonstrated a Fair and Just Reason For Withdrawing His Plea

At the hearing, Defendant testified that at the time he entered his guilty plea in December 2008, he was suffering from the symptoms of his bipolar disorder – e.g. clouded judgment and irrational decision making – because he had only recently resumed taking his medication which takes several weeks to take effect. The government's only challenge to Defendant's claim is that this was addressed during Defendant's plea colloquy. The government is correct – the record of Defendant's change of plea hearing shows that he was questioned about his bipolar disorder and that he indicated that he was not on any medication.[4] However, as the Third Circuit has noted, it is "contradictory to argue that a defendant who may be incompetent should be presumed to possess sufficient intelligence that he will be able to adduce evidence of his incompetency which might otherwise be within his grasp." *DiGilio*, 538 F.2d at 988. Defendant has presented evidence that he was, in fact, not properly medicated at the time of his plea hearing which significantly affected his judgment and clarity. See *United States v. Jones*, 336 F.3d 245, 258-59 (3d Cir. 2003) (where the "record suggests that the medication has noticeable effects on defendant's faculties" evidence of "sporadic compliance with [defendant's] medication regime" called competency into question); *Hopson*, 250 Fed.Appx. at 505 (evidence of mental state at

---

[4] Generally, a negative response to this question shows that a guilty plea is knowing and voluntary. Here, however, because Defendant must take medication to think clearly, a negative response does not demonstrate that the plea was knowing and voluntary. See *Jones*, 336 F.3d at 258 ("Without the benefit of his medication, [defendant] stated that his 'mind is (messed) up'; however, when the medication 'straightens (him) out', he has 'time to think' and then can be 'held accountable' for his actions.")

time of guilty plea hearing relevant to issue of competency). This is sufficient to place his competence at the time he pleaded guilty into question and shift the burden to the government to show otherwise. *DiGilio*, 538 F.2d at 989; *Hollis*, 569 F.2d at 204; *Franzen*, 686 F.2d at 1244.

Other than the government's assertion that this Court should not believe Defendant's testimony, it offers no evidence of Defendant's mental health in the form of medical records, expert testimony, or otherwise. *Cf. United States v. Torrellas*, 455 F.3d 96, 104 (2d Cir. 2006) (affirming denial of motion to withdraw guilty plea and finding that district court's competency determination was based on "a number of medical and psychiatric examinations"). A plea must be knowing and voluntary and the Defendant must be aware of the consequences of pleading guilty. *Lessner*, 498 F.3d 185 at 192. Defendant has presented credible evidence that, because of his unmedicated state, his plea was neither knowing nor voluntary. This alone is sufficient justification for withdrawal of his guilty plea.[5] *Nahodil*, 36 F.3d at 330.

Finally, withdrawal of Defendant's guilty plea will not seriously prejudice the government. The government argues that it will be prejudiced in that memories of witnesses may have faded since the offenses charged occurred. However, Defendant was not charged until November 2008. Although a year has passed since Defendant pleaded guilty in December 2008, the government has been aware of Defendant's desire to withdraw his guilty plea since February 2009. That the government will have to produce witnesses should it choose to bring this matter to trial does not establish sufficient prejudice to outweigh Defendant's justification for withdrawing his guilty plea. Even assuming some prejudice to the government, "prejudice to the

---

[5] Because an involuntary guilty plea is sufficient grounds for withdrawal, the Court need not reach his claims of innocence to bank fraud and aggravated identity theft.

7

government's ability to bring a case to trial is not dispositive of a motion to withdraw the guilty plea if the original acceptance of the plea was improper or improvident." *Nahodil*, 36 F.3d at 330.

## IV.   Conclusion

Defendant Christopher Brown has demonstrated a fair and just reason under Rule 11(d) of the Federal Rules of Criminal Procedure for withdrawing his guilty plea. Therefore, the Court grants his motion to withdraw his guilty plea. An appropriate Order accompanies this Memorandum Opinion.

ENTER:

Dated: January 6, 2010 _____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE